UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

HARI SURE,

Defendant.

Case No. 23-cr-00254-JST-1

**ORDER GRANTING MOTION FOR EARLY TERMINATION OF PROBATION**

Re: ECF No. 26

Now before the Court is Defendant Hari Sure's motion for early termination of probation. ECF No. 26.  The Court will grant the motion.

Defendant Sure plead guilty on February 2, 2024, to a single count of securities fraud, in violation of Title 15 U.S.C. §§ 78j(b) and 78ff.  ECF No. 14.  On June 14, 2024, the Court sentenced him to three years probation.  ECF No. 21.

Sure moved for early termination of probation on October 23, 2025.  ECF No. 26.  The Probation Office supported the motion.  ECF No. 31.  The government opposed it.  ECF No. 29. The government argued that "the defendant must show 'exceptionally good behavior'" before the Court can terminate probation early, and that Sure had not done so.  *Id.* at 3 (citing *United States v. Hilton*, No. CR 13-172 PJH, 2014 WL 3728176, at *3 (N.D. Cal. July 28, 2014)).[1]

A district court may terminate a term of probation after the expiration of one year "if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice." 18 U.S.C. § 3564(c).  In making this determination, the Court considers the factors set forth in 18 U.S.C. § 3553(a).  The defendant bears the burden of showing that he is entitled to early

---

[1] The government's brief cites to "*Lussier*," but the pagination in the citation makes clear that the government intended to refer to *Hilton*.

termination. *United States v. Robins*, No. LA CR 08-01497-VBF, 2014 WL 11790802, at \*2 (C.D. Cal. May 27, 2014) (citation omitted). The decision to grant early termination rests within the Court's discretion. *See United States v. Emmett*, 749 F.3d 817, 819-20 (9th Cir. 2014).

The sentencing factors relevant here are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to afford adequate deterrence to criminal conduct; (3) the need to protect the public from further crimes of the defendant; (4) the need to provide the defendant with educational or vocational training, medical care, or other correctional treatment in the most effective manner; (5) the kinds of sentence and the sentencing range established for the category of offense and category of defendant; (6) any pertinent policy statement issued by the United States Sentencing Commission; (7) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (8) the need to provide restitution to any victims of the offense. *Id*. A defendant requesting early termination of supervision bears the burden "to demonstrate that such a course of action is justified." *United States v. Weber*, 451 F.3d 552, 559 n.9 (9th Cir. 2006).

Contrary to the position taken by the government's brief, the Ninth Circuit has specifically rejected "the proposition that early termination is reserved for cases of exceptionally good behavior," holding that a district court may not require exceptional behavior as a predicate for early termination of supervised release. *See United States v. Ponce*, 22 F.4th 1045, 1047 (9th Cir. 2022). *Ponce*'s holding has been applied to motions for early termination of probation. *United States v. Aguilar*, No. 1:19-CR-00224-BLW, 2024 WL 357024, at \*1 (D. Idaho Jan. 31, 2024). Nor may the Court require the defendant to demonstrate undue hardship. *United States v. Thorpe*, No. 1:19-CR-00123-BLW, 2023 WL 2354876, at \*2 (D. Idaho Mar. 3, 2023). Thus, the government's brief is not helpful to the Court in deciding this motion.

The court has considered all the relevant § 3553 factors and finds that Sure has met his burden to demonstrate that early termination of probation is justified. He had no contact with the criminal justice system prior to this case, and has completed two years of probation without a violation. He has fulfilled all his financial obligations, including the payment of court fines, fees, and the payment of any settlement owing in the related civil proceedings. As the Court stated at

United States District Court
Northern District of California

the sentencing hearing, Sure's conduct was aberrant.  Finally, because of his conviction, Sure has been unable to obtain employment in the United States and will shortly be returning to India.  ECF No. 34.  As previously noted, the Probation Office supports early termination, and therefore will not have an objection to Sure's return to India—even though he cannot be supervised there.  On these facts, the Court finds that there is no longer a need for deterrence, to protect the public, or to achieve any of the other sentencing goals set forth in § 3553(a).  The Court therefore finds the continuing expenditure of government resources to supervise Sure is unwarranted, and grants Sure's motion for early termination of probation.

**IT IS SO ORDERED.**

Dated:  June 3, 2026

_____
JON S. TIGAR
United States District Judge